1  WILLIAM R. TAMAYO -- #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  CINDY O'HARA -- #114555 (CA)
   EQUAL EMPLOYMENT OPPORTUNITY
3    COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105
5  Telephone: (415) 625-5653      E-filing
   Facsimile: (415) 625-5657
6
   Attorneys for Plaintiff Equal Employment Opportunity Commission
7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  EQUAL EMPLOYMENT OPPORTUNITY  ) Civil Action No. C 06 2974
    COMMISSION,                   )
13                                )
              Plaintiff,          ) **COMPLAINT**
14                                )
    v.                            ) Civil Rights - Employment
15                                ) Discrimination
    BALLY TOTAL FITNESS CORPORATION,)
16                                )
              Respondent.         ) JURY TRIAL DEMAND
17                                )
                                  )
18  _____  )

19                    **NATURE OF THE ACTION**

20       This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the

21  Civil Rights Act of 1991 to correct unlawful employment practices on the basis of

22  national origin and religion, and to provide appropriate relief to Mr. Sukhdev Davin

23  Singh Dhaliwal who was aggrieved by Defendant's unlawful practices. Plaintiff alleges

24  that Defendant, Bally Total Fitness Corporation, unlawfully refused to hire Mr.

25  Dhaliwal because of his national origin, Indian, and/or his religion, Sikh. Plaintiff

26  further alleges that Defendant failed to maintain records as required Section 709(c) of

27  Title VII, 42 U.S.C. § 2000e-8(c).

28  //

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (§706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland as the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff Equal Employment Opportunity Commission, and the records related to that investigation are in San Francisco.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Bally Total Fitness Corporation ("Defendant") has continuously been, and is now, a Delaware corporation, qualified and doing business in the state of California and has continuously had and does now have at least 15 employees.

6. At all relevant times, Defendant has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Sections

701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act for Discrimination Based on National Origin and/or Religion**

7.   More than thirty days prior to the institution of this lawsuit, Charging Party Sukhdev Davin Singh Dhaliwal ("Charging Party") filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since at least on or about June 11, 2004, Defendant has engaged in unlawful employment practices of discrimination based on national origin and/or religion in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to hire Charging Party because of his national origin and/or his religion.

9.   The effect of the practices complained of above in paragraph 7 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his employment status because of his national origin and/or religion.

10.   The unlawful employment practices complained of above in paragraph 7 were and are intentional.

11.   The unlawful employment practices complained of above in paragraph 7 were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

### SECOND CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act for Failure to Make and Preserve Records**

12.   Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 7 above as though fully set forth herein.

13.   Since at least on or about June 11, 2004, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or

1  are being committed.

2                              **PRAYER FOR RELIEF**

3         Wherefore, the Commission respectfully requests that this Court:

4         A.     Grant a permanent injunction enjoining Defendant, its officers, successors,
5  assigns, and all persons in active concert or participation with it, from engaging in
6  discrimination based on national origin and/or religion against its employees.

7         B.     Order Defendant to institute and carry out policies, practices, and
8  programs which provide equal employment opportunities for persons of Indian
9  national origin and persons of Sikh religion, and which eradicate the effects of its
10 unlawful employment practices.

11        C.     Order Defendant to make whole Charging Party by providing appropriate
12 back pay, lost wages and benefits with prejudgment interest, and other affirmative relief
13 necessary to eradicate the effects of its unlawful employment practices.

14        D.     Order Defendant to make whole Charging Party by providing
15 compensation for past and future pecuniary losses resulting from the unlawful
16 employment practices complained of above, including but not limited to medical
17 expenses or other out of pocket expenses in amounts to be determined at trial.

18        E.     Order Defendant to make whole Charging Party by providing
19 compensation for past and future non-pecuniary losses resulting from the unlawful
20 practices complained of above, including but not limited to pain and suffering,
21 emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and
22 humiliation, in amounts to be determined at trial.

23        F.     Order Defendant to pay Charging Party punitive damages for its malicious
24 and reckless conduct complained of above, in amounts to be determined at trial.

25        G.     Order Defendant to make and preserve all records, in accordance with the
26 provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-
27 8(c), relevant to the determination of whether unlawful employment practices have been
28 or are being committed.

1     H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

JAMES L. LEE  
Deputy General Counsel  
GWENDOLYN YOUNG REAMS  
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Office of the General Counsel  
Washington, DC 20507

Dated: 5/2/2006

WILLIAM R. TAMAYO  
Regional Attorney

Dated: 5/2/2006

JONATHAN T. PECK  
Supervisory Trial Attorney

Dated: 5/1/2006

CINDY O'HARA  
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
San Francisco District Office  
350 The Embarcadero, Suite 500  
San Francisco, CA 94105

COMPLAINT    Page 5